UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL THOMAS COLLINS,<br><br>                    Petitioner,<br><br>          v.<br><br>JON LAW,<br><br>                    Respondent. | No.  4:15-cv-05004-EFS<br><br>**ORDER DISMISSING HABEAS ACTION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

BEFORE THE COURT is Petitioner's First Amended Petition, ECF No. 6. Petitioner, a prisoner at the Benton County Jail, is proceeding *pro se* and the $5.00 filing fee has been paid.

An amended pleading supersedes the original pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, **IT IS ORDERED** that the District Court Executive shall **ADD** Respondent Jon Law and **TERMINATE** Franklin County, Washington.

Plaintiff challenges Franklin County convictions for Second Degree Identity Theft and Forgery.  He was convicted on June 3, 2014, based on a plea of no contest, and sentenced on February 3, 2015.  He indicates that he has an appeal pending in the Washington State Court of Appeals, Division III.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the state court remedies available

to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004); *Castille v. Peoples*, 489 U.S. 346 (1989). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his claims before he presents those claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See id.*; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). The exhaustion requirement protects the role of state courts in enforcing federal law, prevents the disruption of state judicial proceedings, and gives the state's highest court the opportunity to examine and vindicate a right of federal constitutional magnitude. *Rose v. Lundy,* 455 U.S. 509, 518-20 (1982).

A petitioner seeking relief must have presented each claim to the state Supreme Court based upon the same federal **legal** theory and the same **factual** basis asserted in the federal petition. It is only then that the exhaustion requirement of 28 U.S.C. § 2254 is fulfilled. *Hudson v. Rushen*, 686 F.2d 826 (9th Cir. 1982), *cert. denied*, 461 U.S. 916 (1983); *Schiers v. People of State of California*, 333 F.2d 173 (1964).

Although granted the opportunity to do so, Petitioner has failed to demonstrate that he has exhausted available State court remedies.

ORDER DISMISSING HABEAS ACTION FOR FAILURE TO EXHAUST STATE COURT REMEDIES -- 2

Therefore, **IT IS ORDERED** this habeas action is **DISMISSED without prejudice** to pursuing appropriate remedies in State Court and to filing a new and separate federal habeas action once he has exhausted all available State court remedies.

The Court notes that Petitioner has attached a copy of an Order in a pending class action lawsuit in the Western District of Washington. ECF No. 6-1. Whether Petitioner is a plaintiff or member of the class pursuing that civil action, the fact that he must exhaust state court remedies regarding his conviction and sentence before pursuing a federal habeas action is not excused.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner, and close the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this   4th   day of June 2015.

                        s/Edward F. Shea
                          EDWARD F. SHEA
              Senior United States District Judge

Q:\EFS\Civil\2015\prisoner15cv5004efs-6-2-DisHCfailexhaust.docx

ORDER DISMISSING HABEAS ACTION FOR FAILURE TO EXHAUST STATE COURT REMEDIES -- 3